assigned to apartment 16-C to the lower amount fixed by agreement with the tenant. This application purported to present a state of facts requiring consideration under the provisions of amendment No. 26 to section 33 of the State Rent and Eviction Regulations, and should be processed by the Administrator, not by the court, pursuant to the requirements of that section. The order of Special Term annulling the increase in the maximum rent allocated to apartment 16-C and apportioning the increase among three other apartments must therefore be reversed. It is also significant that said rent increases were ordered without notice to the other three tenants involved and without inspection of the premises or hearing. Order unanimously reversed, with $20 costs and disbursements to the appellant, and the matter remanded to the State Rent Administrator for appropriate action pursuant to the provisions of section 33. Concur — Peck, P. J., Breitel, Botein, Frank and Bergan, JJ.

■ ALEXANDER A. VISHNEVSKY, Respondent, v. COUNTESS MARA, INC., Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Breitel, Botein, Frank and Bergan, JJ.

■ CLAUDE O. SWANSON, SR., as Administrator of the Estate of JANE SWANSON, Deceased, et al., Plaintiffs, v. 97 FIFTH AVE. CORP., Defendant and Third-Party Plaintiff-Respondent. STEIN REFRIGERATOR CORP., Third-Party Defendant-Appellant.— Order unanimously affirmed, with $20 costs and disbursments to the respondent. No opinion. Concur — Peck, P. J., Breitel, Botein, Frank and Bergan, JJ.

■ SPEAR & CO., INC., Respondent, v. HAFNER ASSOCIATES, INC., Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Breitel, Botein, Frank and Bergan, JJ.

■ HENRIETTA ROSENBLUM, Appellant, v. JEAN SCHWARTZ, Also Known as JEAN ROSENBLUM, et al., Respondents.— Order unanimously affirmed. No opinion. Concur — Peck, P. J., Breitel, Botein, Frank and Bergan, JJ.

■ MILTON WALLACH, as Executor of MIRIAM WALLACH, Deceased, et al., Appellants, v. HAROLD GOLDSTEIN, Respondent.— In view of the equivocal testimony given by plaintiffs' medical expert and the inconclusive nature of the remaining evidence adduced by plaintiffs, the Trial Justice properly set aside the verdict of the jury in favor of plaintiffs. Implicit in the jury's verdict must have been findings that defendant had been guilty of medical malpractice and that such malpractice was a competent producing cause of decedent's death. A verdict necessarily based upon such findings was against the weight of the credible evidence. However, there was not such a defect of proof as to warrant directing a verdict in favor of defendant. Accordingly, the judgment in favor of defendant is unanimously reversed and a new trial ordered, with costs to the appellants to abide the event. Settle order on notice. Concur — Peck, P. J., Breitel, Botein, Frank and Bergan, JJ.

■ MILTON WALLACH, as Executor of MIRIAM WALLACH, Deceased, et al., Appellants, v. HAROLD GOLDSTEIN, Respondent.— Appeal from the order having become academic by virtue of the decision of this court in *Wallach* v. *Goldstein* (*ante,* p. 768), unanimously dismissed. Concur — Peck, P. J., Breitel, Botein, Frank and Bergan, JJ.

■ SANTIAGO MARTINEZ v. UNITED STATES LINES COMPANY.— Motion to dismiss appeal granted, with $10 costs. Concur — Peck, P. J., Bastow, Rabin, Cox and Frank, JJ.